UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LISA RANSOM** )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>**CENTER FOR NONPROFIT ADVANCEMENT** )<br>)<br>Defendant )<br>) | Case No. 1:06-CV-843 RMC |

## ANSWER

Defendant Center for Nonprofit Advancement (the "Center"), by its attorneys, denies all liability to plaintiff Lisa Ransom ("Ransom") and, for its answer to the complaint, states as follows:

### *First Defense*

The Court lacks jurisdiction over the subject matter of Ransom's purported claims under the District of Columbia Human Rights Act in that Ransom has filed substantially identical claims with the District of Columbia Office of Human Rights ("DCOHR") and, as shown in Exhibit A attached, those claims remain pending before DCOHR.

### *Second Defense*

The complaint fails to state any claim upon which relief can be granted.

### *Third Defense*

The Center specifically answers the enumerated allegations of the complaint as follows, any allegation not so answered being denied:

1-2.  The Center admits that if Counts III, IV and V of the complaint state good claims, the Court has jurisdiction of the subject matter thereof as alleged.  The Center denies that the Court has jurisdiction over the subject matter of Counts I and II of the complaint.  The Center admits that venue lies in this district.

3.  The Center admits that Ransom is African-American.  The Center admits on information and belief that Ransom resides in Maryland.  In answer to the remaining allegations in paragraph 3, the Center states that it employed Ransom from September 8, 2003 to June 15, 2004.

4-5.  Admitted.

6.  Denied.

7.  The Center admits and Ransom and a colleague had responsibilities for the planning of the annual business meeting.  The remaining allegations in paragraph 7 are denied.

8.  The Center admits that Ransom had responsibilities for planning the awards portion of the meeting.  The remaining allegations in paragraph 8 are denied.

9.  Denied.

10. The Center admits that Ransom worked with the Human Service Coalition of Prince George's County and that a proposal for a conference grew out of that work. The remaining allegations in paragraph 10 are denied.

11. The Center admits that its membership includes nonprofit organizations in Prince George's County, Maryland. The remaining allegations in paragraph 11 are denied.

12. The Center admits that the proposed Prince George's County conference served the Center's strategic plan and that the Center agreed to co-host the conference and contribute $1,000 to the conference. The remaining allegations in paragraph 12 are denied.

13. Admitted on information and belief.

14. Denied.

15. The Center admits that it terminated Ransom on June 15, 2005. The Center denies that such termination was without prior warning or provocation.

16. Denied. In further answer to the allegations in paragraph 16, the Center adopts by reference its notice of termination of Ransom, a copy of which is attached as Exhibit B.

17. Denied.

18. The Center admits that Ransom filed a charge of discrimination with DCOHR, but the Center denies that Ransom has exhausted her administrative remedies. In further answer to the allegations in paragraph 18, the Center states that the Center did not learn of

the filing of the charge until June 17, 2004. On information and belief, the charge remains pending before DCOHR.

19. In answer to the allegations in paragraph 19, which incorporate by reference the allegations in paragraphs 1 through 18, the Center adopts by reference its answers to the allegations in paragraphs 1 through 18.

20. The allegations in paragraph 20 are conclusions of law to which no answer is required.

21. The Center admits that Ransom is African-American. The remaining allegations in paragraph 21 are conclusions of law to which no answer is required.

22-25. Denied.

26. In answer to the allegations in paragraph 26, which incorporate by reference the allegations in paragraphs 1 through 25, the Center adopts by reference its answers to the allegations in paragraphs 1 through 25.

27-30. Denied.

31. In answer to the allegations in paragraph 31, which incorporate by reference the allegations in paragraphs 1 through 34 [sic], the Center adopts by reference its answers to the allegations in paragraphs 1 through 30.

32. Denied.

33. In answer to the allegations in paragraph 33, which incorporate by reference the allegations in paragraph 1 through 36 [sic], the Center adopts by reference its answers to the allegations in paragraphs 1 through 32.

34. Denied.

35. In answer to the allegations in paragraph 35, which incorporate by reference the allegations in paragraphs 1 through 53 [sic], the Center adopts by reference its answers to the allegations in paragraphs 1 through 34.

36-38. Denied.

### Fourth Defense

Some or all of Ransom's purported claims are barred by limitations, laches or both.

### Fifth Defense

Ransom has failed to mitigate her damages, if any.

### Sixth Defense

To the extent Ransom's complaint purports to assert equitable claims, such claims are barred under the doctrine of unclean hands.

### Seventh Defense

Ransom was an at-will employee of the Center who was subject to termination by the Center at any time for any reason or for no reason.

### Eighth Defense

Ransom has failed to exhaust her administrative remedies.

### Ninth Defense

The purported claims in Count V of the complaint are barred by the exclusivity provisions of the District of Columbia Workers' Compensation Act, D.C. Code § 32-1501, *et seq*.

WHEREFORE, the Center prays as follows:

A.  That the complaint be dismissed with prejudice or that judgment be entered in the Center's favor and against Ransom, denying any relief to Ransom.

B.  That the Center be awarded its costs of suit, including attorneys' fees.

C.  That the Court grant the Center such other relief as justice may require.

Respectfully submitted,

OPPENHEIMER, FLEISCHER & QUIGGLE, P.C.


By    /s/ Charles H. Fleischer
      Charles H. Fleischer, D.C. Bar. No. 4341

7700 Old Georgetown Road, Suite 800
Bethesda, MD  20814
tel: (301) 986-4056 / fax: (301) 951-0555
e-mail: cfleischer@ofqlaw.com

*Attorneys for defendant*

**Judiciary Square Office**
441 4th Street, NW, Suite 570N
Washington, DC 20001
Phone: (202) 727-4559  Fax: (202) 727-9589



**Penn Branch Office**
3220 Pennsylvania Avenue, SE, 1st Fl.
Washington, DC 20020
Phone: (202) 727-4559  Fax: (202) 645-6390

June 26, 2006

Mr. Charles H. Fleischer
Oppenheimer, Fleischer & Quiggle, P.C
7700 Old Georgetown Road, Suite 800
Bethesda, Maryland 20814

RE:  Docket No.: 04-274-P(CN)
     Lisa R. Ransom Brown v. Washington Council of Agencies

Dear Mr. Fleischer:

With reference to your recent inquiry to the Office of Human Rights (OHR), regarding the status of the above-referenced Charge, please be advised that information is still being gathered to better assess the Complainant's allegations of discrimination against the Respondent. To date, the OHR is in the midst of conducting its investigation.

Once all relevant submissions have been rec[eived]
and make a determination on whether or not
discrimination occurred. The determination
and/or their respective counsel.

If you should require any further information, please feel free to contact me at (202) 727-4559.

Sincerely,

Haydn Demas
Investigator



**Washington Council of Agencies**
WASHINGTON AREA NONPROFITS WORKING TOGETHER

June 14, 2004

Lisa Ransom Brown
13035 Silver Maple Court
Bowie, MD 20715

Dear Lisa:

This letter is to inform you that effective Tuesday, June 15' 2004, your employment with the Washington Council of Agencies will be terminated. As stated in the WCA Personnel Handbook, all employees of the Washington Council of Agencies are employed at will, meaning that they or the employer may terminate the employment relationship at any time, with or without cause.

This termination is based upon the lack of progress you made against the objectives we agreed to during our meetings from March 12-May 27. Specifically, the following key areas of responsibility were not fulfilled. The areas include the following:

> Prioritization of staff requests and long term projects
> -establish and maintain a database of organizations involved in public policy with elected and appointed officials or about local public policy
> -develop a plan for expanding WCA's advocacy program into Prince George's County while strengthening in DC and Montgomery County.
> Responding to assignments in a timely manner
> -write and conduct a needs assessment of WCA members to determine needs related to public policy
> -provide comprehensive and timely updates to the advocacy portion of the web site

- Attentiveness to deadlines
  -perpetually late with timesheets and reports to the executive director for reporting to the board
- Providing leadership in public policy on behalf of WCA

As I mentioned during our meeting on June 15, 2004, this termination reflects most on the lack of fit between you and the scope of the job responsibilities outlined. WCA is a small organization and it is extremely important that we have individuals that have the skills, abilities and dedication to effectively perform under their job responsibilities.

Your health, dental and life insurance coverage will terminate June 30, 2004. Please contact Helen Watkins at Benefits Plus, Inc. should you need information on a COBRA plan to continue your coverage. The contact information for Benefits Plus is as follows:

18310 Montgomery Village Avenue, Suite 230
Gaithersburg, MD 20879
Phone: (301) 840-6624   Fax: (301) 840-9678

As severance pay, you will receive credit for one month of employment (*two pay periods*) equal to 140 hours according to your schedule, and you will be compensated for your annual leave

EXHIBIT B

balance of 42 hours. You have less than 5 days of sick leave available, so you will not be compensated for that unused time. You will not accrue any further annual or sick leave after June 15, 2004. Any unused personal or other leave is forfeited. Both of these payments are subject to tax withholding. Payment for one month of severance will continue to be deposited directly into your account. Payment for the balance of your annual leave should be received via US mail no later than July 15, 2004.

Please note that there should be no unauthorized removal of any WCA equipment or information. Please return your key fob directly to me before you leave the office for the day. You are not authorized to stay in the office beyond the close of business at 5 pm.

Sincerely,

JKost

Jeff Kost
Deputy Director for External Affairs

cc: Personnel File