**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **LISA RANSOM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-843 (RMC)** |
| | ) | |
| **CENTER FOR NONPROFIT** | ) | |
| **ADVANCEMENT,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER FOR INITIAL SCHEDULING CONFERENCE**

The above-captioned case has been assigned to this Judge for resolution. The

Initial Scheduling Conference is set for August 10, 2006, at 2:15 p.m. Counsel who

attend must be sufficiently familiar with the case to answer any questions that arise;

parties are welcome and are encouraged to attend.

Pursuant to LCvR 16.3 of the Local Rules, as amended effective December 1,

2000, and Fed. R. Civ. P. 26(f), as amended effective December 1, 2000, counsel

shall confer at least 21 days prior to the above date and submit their Report

addressing all topics listed in LCvR 16.3(c) no later than 14 days following their

meeting. Counsel are also directed to either include in their Report, or in a

supplemental pleading to be filed no later than 72 hours prior to the Initial Scheduling

Conference, a brief statement of the case and the statutory basis for all causes of

action and defenses.

Counsel are required to comply with LCvR 16.3 and, in particular, LCvR 16.3(c), as amended December 1, 2000, and attached hereto as Appendix I. In considering the case's suitability for the various forms of alternative dispute resolution, counsel are reminded that among their options are mediation, arbitration, early neutral evaluation, summary jury trial, or any other form of alternative dispute resolution that can be tailored to the needs of their case.

Extensions or enlargements of time will only be granted upon motion, and not upon stipulation by the parties. Motions for a continuance or other scheduling change must be filed three business days prior to the hearing and must include alternative dates that have been agreed upon by all parties. Requests that do not include an alternative date acceptable to all parties will be denied.

Parties are to communicate with the Court by motion, opposition, and reply – not by letter. Inquiries concerning the status of any pending matter shall be directed to the Courtroom Deputy Clerk, Chashawn White (202/354-3176) or, if she is unavailable, to the staff person in the Clerk's Office designated as her substitute, and not to chambers. Chambers personnel will not handle questions relating to the status or scheduling of pending matters.

In an emergency, however, Chambers can be reached at 202/354-3560.

Date: July 6, 2006                              /s/
                                        ROSEMARY M. COLLYER
                                        United States District Judge

**APPENDIX  I**

## Rule 16.3
## <u>DUTY TO CONFER</u>

(c)    **MATTERS TO BE DISCUSSED BY THE PARTIES**

At the conference required by this Rule, the parties shall discuss the following matters:

\*    \*    \*

(5)    Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their responses to this provision with their clients. In assessing the above, counsel shall consider:

(i)    the client's goals in bringing or defending the litigation;

(ii)    whether settlement talks have already occurred and, if so, why they did not produce an agreement;

(iii)    the point during the litigation when ADR would be most appropriate, with special consideration given to:

(aa)    whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

(bb)    whether ADR should take place before or after the judicial resolution of key legal issues;

(iv)    whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

(v)    whether cost savings or any other practical advantage would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.