**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LISA RANSOM** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Civil Action No.  1:06-cv-843 (RMC) |
| **CENTER FOR NONPROFIT ADVANCEMENT** ) | Judge Rosemary M. Collyer |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

**LCvR 16.3 Meet and Confer Statement**

Plaintiff Lisa Ransom Brown ("Plaintiff") and Defendant Center for Nonprofit

Advancement ("Defendant") (collectively, the "Parties"), by and through undersigned counsel,

file the following LCvR 16.3 statement on their Meet and Confer Conference.

**A.    CERTIFICATION OF MEETING**

Counsel for the Parties hereby certify that the conducted a Meet and Confer Conference

via telephone on July 18, 2006.

**B.    MATTERS DISCUSSED**

The Parties certify that the following matters were discussed and agreed upon pursuant to

LCvR 16.3(c):

**1.    Dispositive Motions**

Defendant anticipates filing a motion for summary judgment.  Plaintiff will consider

filing a cross-motion for summary judgment, depending on evidence obtained during discovery.

**2.    Amendment of Pleadings**

Neither Plaintiff nor Defendant anticipates any need to join parties or amend the

pleadings.

**3.     Assignment to Magistrate**

The parties do not consent to the assignment of a magistrate judge.

**4.     Possibility of Settlement**

While both parties are amenable to settlement discussions, neither party believes that settlement is a realistic possibility in this case.

**5.     ADR**

While both parties are amenable to settlement discussions, neither party believes that settlement is a realistic possibility.  Thus, the parties likely will not benefit from the Court's ADR procedures.

**6.     Dates for Filing Dispositive Motions**

Defendant believes that this litigation can be resolved through summary judgment. Plaintiff will consider filing a cross-motion, depending on the evidence obtained during discovery.  As such, the parties agree that any motion for summary judgment shall be filed no later than February 9, 2007.  Any opposition thereto shall be filed no later than March 9, 2007. Any reply memoranda shall be filed by March 23, 2007.

**7.     Initial Disclosures**

The parties agree to exchange initial disclosures within twenty-one days of this Court's entry of a scheduling order.

**8.     Completion of Discovery**

The parties agree that all discovery shall be complete by January 10, 2007.

**9.     Expert Witness Reports**

At this time the parties do not anticipate the need for expert witnesses in this litigation. Notwithstanding the foregoing, the parties agree to reserve October 10, 2006 as the deadline for

the Plaintiff to identify any such witnesses and furnish any expert witness reports and November

10, 2006 for the Defendant to identify any such witnesses and furnish any expert witness reports.

10.    **Class Action Procedures**

N/A

11.    **Bifurcation of Trial and/or Discovery**

The parties do not anticipate any need to bifurcate discovery or trial.

12.    **Pre-Trial Conference**

The parties agree that the pretrial conference shall take place thirty days after the Court

rules on any dispositive motions.

13.    **Trial Date**

Plaintiff requests that the Court set a trial date at the first scheduling conference.

14.    **Miscellaneous Matters**

Defendant believes that the Court lacks subject-matter jurisdiction over Plaintiff's DC

Human Rights Claims (Counts I and II).

/s/
_____
Donald M. Temple [408749]
Dhamian A. Blue [488664]
TEMPLE LAW OFFICES
1229 15th Street, N.W.
Washington, D.C. 20005
(202) 628-1101
**COUNSEL FOR PLAINTIFF**

/s/
_____
Charles H. Fleishcher [4341]
Oppenheimer, Fleischer &
  Quiggle, P.C.
7700 Old Georgetown Road
Suite 800
Bethesda, MD 20814
**COUNSEL FOR DEFENDANT**
