UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LISA RANSOM** )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>**CENTER FOR NONPROFIT ADVANCEMENT** )<br>)<br>Defendant )<br>) | Case No. 1:06-CV-843 RMC |

**DEFENDANT'S MOTION TO DISMISS**
**COUNTS I AND II**

Defendant Center for Nonprofit Advancement (Center), by its attorneys, moves to dismiss Counts I and II of the complaint of plaintiff Lisa Ransom (Ransom), alleging discrimination and retaliation in violation of the District of Columbia Human Rights Act (HRA).

As grounds for its motion, the Center states as follows:

1. Ransom previously elected to pursue her HRA claims in an administrative action before the District of Columbia Office of Human Rights (OHR). Her administrative HRA claims were pending when she filed her complaint in this Court.

2. OHR subsequently issued a Letter of Determination concluding there was no probable cause to believe the Center discriminated or retaliated against Ransom.

3.  Ransom's only remaining recourse with respect to her HRA claims is to petition for review by the Superior Court of the District of Columbia.  Ransom is barred from bringing an independent action in court based on her HRA claims.

        Respectfully submitted,

        OPPENHEIMER, FLEISCHER & QUIGGLE, P.C.


        By    /s/ Charles H. Fleischer
             Charles H. Fleischer, D.C. Bar. No. 4341

        7700 Old Georgetown Road, Suite 800
        Bethesda, MD  20814
        tel: (301) 986-4056 / fax: (301) 951-0555
        e-mail: cfleischer@ofqlaw.com

        *Attorneys for defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **LISA RANSOM** | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Case No. 1:06-CV-843 RMC |
| **CENTER FOR NONPROFIT ADVANCEMENT** | ) ) ) | |
| Defendant | ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS COUNTS I AND II**

Defendant Center for Nonprofit Advancement (Center), by its attorneys, submits this memorandum of points and authorities in support of its motion to dismiss Counts I and II of the complaint of plaintiff Lisa Ransom (Ransom).

**I.**

Counts I and II allege discrimination and retaliation in violation of the employment discrimination provisions of the District of Columbia Human Rights Act, D.C. Code § 2-1401.01, *et seq*. (West 2001 & 2006 Supp. Pamphlet) (HRA). At the time she filed her complaint, the same claims were pending before the District of Columbia Office of Human Rights (OHR). See Exhibits A, B and C, attached.

After this action was filed, OHR issued a Letter of Determination finding no probable cause for Ransom's HRA claims. Exhibit D, attached.

**II.**

The HRA affords a complainant the choice of filing an administrative action for claimed employment discrimination, or filing a private action in any court of competent jurisdiction, but not both. D.C. Code §§ 2-1403.04 and 2-1403.16; *Simpson v. District of Columbia Office of Human Rights*, 597 A.2d 392, 396 (D.C. 1991). The right to file a court action is, by statute, expressly conditioned on the absence of any pending administrative action; conversely, the right to file an administrative complaint is conditioned on the absence of any pending court suit:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent jurisdiction for damages and such other remedies as may be appropriate, *unless such person has filed a complaint hereunder*; provided, that where the Office has dismissed such complaint on the grounds of administrative convenience, or where the complainant has withdrawn a complaint, such person shall maintain all rights to bring suit as if no complaint had been filed. No person who maintains, in a court of competent jurisdiction, any action based upon an act which would be an unlawful discriminatory practice under this chapter may file the same complaint with the Office.

D.C. Code § 2-1403.16(a) (emphasis added).

If an administrative action is elected, OHR investigates and either finds probable cause or finds no probable cause. D.C. Code § 2-1403.05. If no probable cause is found, OHR enters an order dismissing the complaint. *Id*.

In the event of dismissal, a complainant may seek reconsideration within 30 days. 4 D.C.M.R. § 719. The complainant may then petition the Superior Court of the District of Columbia for judicial review. *Simpson*, 597 A.2d at 397; *Lamont v. Rogers*, 479 A.2d

1274, 1278 (D.C. 1984). *Simpson* and *Rogers* are authoritative local court constructions of a local statute; both cases state that Superior Court judicial review is a complainant's "only" recourse following OHR dismissal. *Simpson*, 597 A.2d at 397; *Lamont*, 479 A.2d at 1278. *See Long v. District of Columbia*, 3 F.Supp.2d 1477, 1479 (D.D.C. 1998) (June L. Green, J.) (in rejecting an attack on the constitutionality of the HRA for alleged due process deficiencies, the Court cited *Simpson* for the proposition that a complainant's "only" recourse after an unfavorable OHR decision is to bring an action in the Superior Court).

More recently, the D.C. Court of Appeals has stated that "an employee who has elected to have her claims resolved by the OHR, and who has failed to seek judicial review of an adverse finding by that Office, is precluded from instituting an independent lawsuit under the Act." *Carter-Obayuwana v. Howard Univ.*, 764 A.2d 779, 785 n.12 (D.C. 2001), citing *Brown v. Capitol Hill Club*, 425 A.2d 1309 (D.C. 1981).

A complainant may voluntarily withdraw his or her complaint "at any time prior to the completion of the Office's [OHR's] investigation and findings...." D.C. Code § 2-1403.04(b). There is, however, no statutory right of withdrawal *after* completion of OHR's investigation and findings.

In this case, Ransom did not voluntarily withdraw her OHR complaint either prior to filing suit in federal court or at any time thereafter. Allowed to run its course, the OHR proceeding resulted in dismissal of Ransom's complaint for lack of probable cause. Ransom's only recourse is to petition the Superior Court for judicial review on her HRA

claims; she is precluded from filing an independent action on those claims in this or any other court.

## II.

For all the foregoing reasons, the Court should dismiss Counts I and II of Ransom's complaint.

Respectfully submitted,

OPPENHEIMER, FLEISCHER & QUIGGLE, P.C.


By____/s/ Charles H. Fleischer_____
      Charles H. Fleischer, D.C. Bar. No. 4341

7700 Old Georgetown Road, Suite 800
Bethesda, MD  20814
tel: (301) 986-4056 / fax: (301) 951-0555
e-mail: cfleischer@ofqlaw.com

*Attorneys for defendant*